FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 1 4 2009 ★

BROOKLYN OFFICE

BH
SI

Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 316
Brooklyn, New York 10022
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com
Attorney Docket: 1235-2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

```
-------------------------------------------------- X
SUSAN HAPPERSETT,                                  :
        and                                        :
ESTHER K. SMITH, d/b/a, Purgatory Pie Press,       :
        and                                        :
DIKKO FAUST, d/b/a, Purgatory Pie Press,           :
                                                   :
                              Plaintiffs,          :
        -against-                                  :
                                                   :
ANTHROPOLOGIE, INC.,                               :
                                                   :
                              Defendant.           :
-------------------------------------------------- X
```

09 CV 1556

COMPLAINT

(Jury Trial Demanded)

BLOCK, J.

LEVY, M.J.

Plaintiffs, SUSAN HAPPERSETT, an individual and ESTHER K. SMITH, d/b/a

PURGATORY PIE PRESS, and DIKKO FAUST, d/b/a/ PURGATORY PIE PRESS

(collectively "Plaintiff" or "PPP"), by and through its attorneys, The Martinez Group PLLC, for

its Complaint against Defendant, ANTHROPOLOGIE, INC., ("Defendant" or "Anthropologie"),

hereby alleges as follows:

### NATURE AND SUBSTANCE OF THE ACTION

1.     Plaintiff files this action against Defendant for Copyright infringement under 17 U.S.C. §

    101, et seq., and Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a) and

    applicable State laws.

2.      This action is brought in response to a classic case of Copyright infringement; specifically, the unauthorized copying and commercial, for-profit manufacture and distribution of a commercial product bearing an unauthorized copy of Plaintiff's limited edition Work entitled FIBONACCI FLOWER (the "Work").

3.      In particular, Defendant has infringed Plaintiff's FIBONACCI FLOWER Work by using the artwork embodied therein to manufacture, distribute and sell a product known as the Colossal Bloom Rug (the "Rug").

4.      Title 17 of the United States Code (Copyright Act) was enacted to provide remedies to copyright owners who suffer damages by reason of such actions.

## JURISDICTION AND VENUE

5.      This is an action for Copyright infringement arising under the Copyright Act, 17 U.S.C. § 101 et seq., and for the related claims of Unfair Competition under 15 U.S.C. § 1125(a) and applicable State laws, which seeks damages by reason of Defendant's ongoing infringement of Plaintiff's valid and subsisting Copyright and Unfair Competition under Federal law and applicable state law.

6.      This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1338(b), its supplemental jurisdiction, and under Rule 4 of the Federal Rules of Civil Procedure.

7.      Venue is proper in this district under 28 U.S.C. §1391 and §1400 in that Defendant or Defendant's agents may be found in this District and Defendants transact business in this District.

## PARTIES

8.   Plaintiff Susan Happersett is an individual, and an artist and a co-author of the FIBONACCI FLOWER Work identified herein and for the purposes of this action, has a place of business located at 19 Hudson Street, Suite 403, New York, New York, 10013.

9.   Plaintiff Esther K. Smith is an individual and an artist, d/b/a Purgatory Pie Press and is a co-author of the FIBONACCI FLOWER Work identified herein and has a place of business located at 19 Hudson Street, Suite 403, New York, New York, 10013.

10.  Plaintiff Dikko Faust is an individual and an artist, d/b/a Purgatory Pie Press and is a co-author of the FIBONACCI FLOWER Work identified herein and has a place of business located at 19 Hudson Street, Suite 403, New York, New York, 10013.

11.  Defendant Anthropologie, Inc. is a Pennsylvania Corporation with its principal place of business at 5000 South Broad Street, Philadelphia, Pennsylvania, 19112-1495.

12.  Defendant Anthropologie is a wholly owned subsidiary of Urban Outfitters, Inc., a Pennsylvania Corporation, having a principal place of business at 5000 South Broad Street Philadelphia, Pennsylvania, 19112-1495.

13.  Defendant Anthropologie is authorized by the New York Secretary of State to conduct business in New York State.

14.  Defendant Anthropologie maintains retail stores throughout the United States having at least six (6) retail stores in New York State, including one within the Eastern District.

15.  Anthropologie is a designer and manufacturer of clothing, personal accessories, and home decorating products, which it sells at its many retail locations around the country.

16.  Anthropologie further conducts business on the Internet, via an online Internet store, located at http://www.anthropologie.com.

## FACTS COMMON TO ALL CLAIMS

17.    Plaintiff is engaged in the business of designing, creating, producing, and marketing art works in the form of, *inter alia*, hand-printed, limited-edition books, examples of which may be seen at http://purgatorypiepress.com/artistbooks.html.

18.    Plaintiff created and is the exclusive owner of all rights, titles and interests in and to the copyrighted designs for the FIBONACCI FLOWER Work.

19.    Plaintiff is the owner of U.S. Copyright Registration, Serial No.: VA 1-659-243, a copy of which is annexed hereto as Exhibit A.

20.    Plaintiff's Copyright is valid and subsisting.

21.    Plaintiff is and has been, at all times alleged herein, the sole owner of all rights, titles and interests in and to the FIBONACCI FLOWER work

22.    Plaintiff has sold and continues to sell and derive significant revenue from the sale of art works and limited-edition art books, including the FIBONACCI FLOWER Work identified herein.  A showing of the FIBONACCI FLOWER Work is annexed hereto as Exhibit B.

## DEFENDANT'S ACTIONS

23.    On or about October 24, 2008, a group of representatives from Defendant's parent company, Urban Outfitters attended the New York Artist Book Fair ("Fair"), where Plaintiff's FIBONACCI FLOWER Work was on display, a showing of which is annexed hereto as Exhibit C.

24.    Representatives from Anthropologies parent company, Urban Outfitters, Inc. had access to Plaintiff's Work and copied Plaintiff's work, in that, Plaintiff was observed

surreptitiously taking pictures of Plaintiff's FIBONACCI FLOWER Work using small digital cameras and mobile telephone cameras.

25.     Defendant's access and viewing of Plaintiff's Work is clearly demonstrated by the entry of a signature and contact information set down in Plaintiff's visitor guestbook by Ms. Alana Mclean (amclean@urbanout.com), a showing of which is annexed hereto as Exhibit D.

26.     Defendant Anthropologie subsequently created its COLOSSAL BLOOM RUG ("Rug") using an unauthorized copy of the FIBONACCI FLOWER Work, showings of which, together with a side-by-side, split-image comparison are annexed hereto as Exhibit E.

27.     Defendant Anthropologie has not sought permission to use Plaintiff's Work or otherwise purchased a license to use the FIBONACCI FLOWER Work as a resource for the creation of its Rug.

28.     Defendant Anthropologie's copying of the FIBONACCI FLOWER Work is an infringement of Plaintiff's valid copyright.

29.     The natural, probable and foreseeable result of Defendant's wrongful conduct has, and continues to be, to deprive Plaintiff of the benefits and revenue from the sale of licenses to use the FIBONACCI FLOWER Work and injury to Plaintiff's relationships with present and prospective customers.

30.     Plaintiff has lost, and will continue to lose, substantial revenue from Defendant's wrongful and willful actions complained of herein.

31.     Defendant's wrongful conduct has deprived, and will continue to deprive, Plaintiff of opportunities for expanding the goodwill associated with the FIBONACCI FLOWER Work.

32.    Defendant has refused to cease and desist from infringing upon Plaintiff's valuable

copyright despite demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101

33.    Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in

Paragraphs 1 through 32, inclusive, and incorporates them herein by this reference.

34.    Defendant Anthropology has infringed and will continue to infringe Plaintiff's valuable

copyrights in and to the FIBONACCI FLOWER Work.

35.    Plaintiff is further entitled to recover damages it has sustained and will continue to

sustain, together with any gains, profits, and advantages obtained by Defendant as a result

of the acts of infringement alleged herein, as well as attorneys' fees.

36.    At present, the amount of such damages, gains, profits, and advantages cannot be fully

ascertained by Plaintiff, but they are believed to be not less than $150,000.

37.    Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION
### 15 U.S.C. §1125(a)

38.    Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in

Paragraphs 1 through 37, inclusive, and incorporates them herein by this reference.

39.    Defendant Anthropologie's unauthorized use and distribution of designs using the

FIBONACCI FLOWER Work and the creation of unauthorized derivative works in

connection with creation and sale of its clothing, rugs, personal accessories and home

decorating products, constitutes false advertising, false designation of origin, and false

descriptions and representations that falsely describe and represent Defendant's goods and/or services as being connected, endorsed or otherwise associated with Plaintiff, and by reason thereof, creates a false description or representation in interstate commerce in violation of 15 U.S.C. § 1125(a).

40.     By reason of Defendant's actions, Plaintiff has been and will continue to be so damaged.

41.     Plaintiff is further entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant as a result of the acts of infringement alleged herein, as well as attorneys' fees.

42.     At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but they are believed to be not less than $150,000.

43.     Plaintiff has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### DILUTION IN VIOLATION OF NEW YORK
### STATE GENERAL BUSINESS LAW §360-1

44.     Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 43, inclusive, and incorporates them herein by this reference.

45.     Defendant Anthropologie has been, and continues to be, engaged in unfair and deceptive practices in violation of Section 360-1 of New York State General Business Law.

46.     By reason of Defendant's acts, Plaintiff has been seriously and irreparably injured, and unless Defendant is restrained, Plaintiff will continue to be so damaged.

47.     Plaintiff is further entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant as a result of the acts of infringement alleged herein, as well as attorneys' fees.

48.   At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but they are believed to be not less than $150,000.

49.   Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests and prays that this Court will:

1.   Preliminarily and permanently enjoin and restrain Defendant, its associated and parent companies, their officers, directors, principals, agents, servants, employees, successors, assigns and all those in active concert or participation with it from:

   (a)   imitating, copying, distributing, or making unauthorized use of Plaintiff's Registered Copyright including the infringing use of the FIBONACCI FLOWER Work and the artwork and designs embodied therein;

   (b)   manufacturing, creating, producing, advertising, promoting, or displaying any products bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's Copyrighted Work or the designs and artworks embodied therein;

2.   Direct that Defendant deliver for destruction at Defendant's expense, *inter alia*, all designs, pictures, and all other recorded media together with all other items, including but not limited to clothing, personal accessories and home decorating products and Rugs in its possession or under their control that were created using Plaintiff's Copyrighted Work or the designs and artworks embodied therein;

3.   Direct that Defendant be required to pay Plaintiff damages in the amount of one hundred and fifty thousand dollars ($150,000) dollars, for all gains, profits and advantages derived by Defendant through their ongoing infringement of Plaintiff's Copyright;

4.    Direct that Defendant be required to pay to Plaintiff such other damages that it has sustained as a consequence of Defendant's unauthorized use, copying and distribution of infringing copies and derivative works based upon Plaintiff's Copyrighted Work;

5.    Direct the imposition of a constructive trust for all monies received by Defendant from the sale of all goods that are an infringing copy and/or unauthorized derivative works based upon Plaintiff's Copyrighted Work;

6.    Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7.    Award Plaintiff punitive damages for the willful infringements identified herein;

8.    Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

9.    Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: April 14, 2009

Respectfully submitted,
THE MARTINEZ GROUP PLLC

By: _____
Frank J. Martinez (FJM-2149)
Attorneys for Plaintiffs
Susan Happersett,
Esther K. Smith, d/b/a, Purgatory Pie Press
Dikko Faust, d/b/a, Purgatory Pie Press


THE MARTINEZ GROUP PLLC
55 Washington Street, Suite 316
Brooklyn, New York 11201
718.797.2341 Telephone
718.222.0481 Facsimile
FM@martinezgroup.com

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

**VA 1-659-243**

**Effective date of
registration:**

February 13, 2009

## Title

**Title of Work:** FIBONACCI FLOWER

## Completion/Publication

**Year of Completion:** 2006

**Date of 1st Publication:** June 15, 2006   **Nation of 1st Publication:** United States

## Author

■ **Author:** Susan Happersett

**Author Created:** 2-dimensional artwork

**Citizen of:** United States

**Year Born:** 1963

■ **Author:** Esther K Smith, dba PURGATORY PIE PRESS

**Author Created:** 2-dimensional artwork

**Citizen of:** United States

**Year Born:** 1956

■ **Author:** Dikko Faust, dba PURGATORY PIE PRESS

**Author Created:** 2-dimensional artwork

**Citizen of:** United States

**Year Born:** 1952

## Copyright claimant

**Copyright Claimant:** Susan Happersett

19 Hudson Street, Suite 403, New York, NY, 10013, United States

**Copyright Claimant:** Esther K Smith, dba PURGATORY PIE PRESS

19 HUDSON STREET, Suite 403, New York, NY, 10013, United States

Copyright Claimant:   Dikko Faust, dba  PURGATORY PIE PRESS

19 HUDSON STREET, SUITE 403, NEW YORK, NY, 10013, United States

## Certification

Name:   Frank J. Maritnez, Esq.

Date:   April 2, 2009

Applicant's Tracking Number:   1235-1

Correspondence:   Yes

Susan Happersett

# FIBONACCI FLOWER

Purgatory Pie Press

New York City



HADDERSETT        FIBONACCI FLOWER        PPP

design & structure

Esther K Smith

*EKS*

*[signatures]*

hand generated flowers
from the Fibonacci number sequence
Susan Happersett

letterpress
&
hand typography
Dikko Faust

This is Nº 105 of 123

© 2006
Susan Happersett &
PurgatoryPiePress.com
212-274-8228

metal types

Weiss Roman, Sylvan,
Gallia, Raleigh Cursive,
Modern 720 & Derby

papers
Arches & St. Armand









THE NY ART BOOK FAIR    contact   press mailing list   benefit tickets   credits

# About

Printed Matter's annual fair of contemporary art books, art catalogs, artists' books, art periodicals, and 'zines offered for sale by over 140 international publishers, booksellers, and antiquarian dealers. Admission to the fair is FREE.

LOCATION
Phillips de Pury & Company
450 West 15th Street at 10th Avenue, 3rd floor, NYC
(map)

FAIR HOURS
Friday/Saturday, October 24 & 25, 2008, 11am – 7pm
Sunday, October 26, 2008, 11am – 5pm

Admission to the NY Art Book Fair is free.

BENEFIT PREVIEW
6 – 9 pm, Thursday, October 23, 2008
$20 – general admission plus
ticket edition by Jonathan Monk

$150 – general admission plus
"I Married an Artist," by Anne Collier and Matthew Higgs, edition of 150

Both levels benefit Printed Matter, Inc

NY ART BOOK FAIR COMMITTEE
Philip Aarons, AA Bronson, Shuta Helgason, Carolina Nitsch, Richard Prince, Dieter von Graffenreid, John Waters, Matthew Zucker

AA Bronson, Philip Aarons and John McWhinnie at the Benefit Preview of the 2006 NY Art Book Fair



# Exhibitors

2nd Cannons Publications
A.R.T. Press (Art Resources Transfer, Inc.)
Actar D
Afterall
ANARTIST
Andrew Roth, Inc.
Arktip
Art Metropole
Art on Paper
Artbook / D.A.P.
ARTFARICY
ARTFORUM
Artists Space
Artspeak
Aspen Art Museum
Banana Books
BAS
basso
Bengtsson Fine Art
Dongout
Dook Works
BOOKFORUM
Booklyn
Bose Pacia
BUTT Magazine
Dexter Bros. Editions
Cabinet
Capricious
Charles H. Scott Gallery
Christophe Daviet-Thery
DADDY THE MAGAZINE
Dalhousie Art Gallery
David Krut Publishing
DECODE BOOKS
Dia Art Foundation
Dobbin Books
Drawn & Quarterly
Ediciones Originales
Electronic Arts Intermix (EAI)
Emily Carr Institute Press
Exit Art
Eye Level Gallery
Fillip
FREIGHT + VOLUME
GAGARIN
Galeria Estampa
Gallery 360
Girls Like Us
Gregory R. Miller & Co.
Harpers Books
Hassla Books
Iconoclast
J&L Books
J. morrison
Johan Deumens
John McWhinnie @ Glenn Horowitz Bookseller
Malmo Kunsthall
Marcus Campbell Art Books
merpaperkunsthalle
mfc-michèle didier
Michael Lowe Gallery
modillbooks
Mount Saint Vincent University Art Gallery
Nieves
NSCAD University Press
onestar press
Parkett
Passenger Books

FRIENDLY FIRE, a curated selection of independent
publishing by artists:

Autonomedia
BAS
Boho
Cinders Gallery
Dale Wittig
Darin Klein
Deep Dish TV
Dexter Sinister
Eleanor Brown
Elanna Foriag
free103point9
Heavy Tapes
Istands Fold
Jim Prez / Back East Press
Kate Glicksberg
Kingsboro Press
Lovely Daze
Mark Pawson
Michalis Pichler
Not an Alternative
Onga Bonga
Our Mouth
Paper Tiger Television
Red76
Retard Riot
World War 3 Illustrated



I love your world!
all the best —
Alara Milem
amilem@urbanart.com

You guys are the
Best. Keep on printing

D. Regan

Kristasvalbonas.com

Juan Romon  Art Institute of NYC







